IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-00583-GPG

LEROY DAMASIO FRESQUEZ,
ALFONSO PADILLA, and
JONATHAN R. GONZALEZ,

    Applicants,

v.

JOHN HICKENLOOPER,
CYNTHIA H. COFFMAN,
MELISSA ROBERTS,
JAMES ROBINSON,
KARL KRAMER,
JOSEPH BRADY, and
DEAN GONZALES,

    Respondents.

ORDER

    Applicants, Leroy Damasio Fresquez, Alfonso Padilla, and Jonathan R. Gonzales are detainees at the Denver County Jail in Denver, Colorado.   Originally, Mr. Fresquez initiated this action by filing an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 that challenges an alleged unlawful parole hold.   The Court granted Mr. Fresquez leave to proceed pursuant to 28 U.S.C. § 1915 and directed Respondent Coffman to file a Preliminary Response that addresses the affirmative defenses of timeliness and exhaustion.

    On April 4, 2016, an Amended Application was filed that, besides Leroy Damasio Fresquez, names Alfonso Padilla and Jonathan R. Gonzales as applicants and challenges all three Applicants' alleged unlawful parole holds.

Although Rule 20 of the Federal Rules of Civil Procedure authorizes the joinder of parties and claims that present a common question of law or fact, Fed. R. Civ. P. 21 allows the Court on its own, at any time, and on just terms to drop a party.

Rule 20(a) applies and provides as follows:

(1) **Plaintiffs.** Persons may join in one action as plaintiffs if:

(A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and

(B) any question of law or fact common to all plaintiffs will arise in the action.

Even though Applicants are challenging what appear to be similar alleged unlawful parole holds, the similarities stop there.   The holds are based on separate criminal proceedings.   Applicants' claims do not arise out of the same transaction or occurrence, nor can it be said that there is a common question of law or fact under these circumstances relating to their individual criminal proceedings.   Therefore, the Court will direct the Clerk of the Court to remove Messrs. Padilla and Gonzalez from this action and to open two new cases, naming Mr. Padilla in one as an applicant and Mr. Gonzalez in the other, so that the Court may address the merits of their § 2241 claims separately.

The Court further notes that Mr. Padilla and Mr. Gonzalez have not filed a request to proceed pursuant to 28 U.S.C. § 1915, or in the alternative paid the $5 filing fee.   Mr. Fresquez's payment of the $5 filing fee pertains only to this action.   Accordingly, it is

ORDERED that the Clerk of the Court is directed to remove Messrs. Padilla and Gonzalez from this action.   It is

FURTHER ORDERED that the Clerk of the Court is directed to open a separate action pursuant to 28 U.S.C. § 2241 action for each Mr. Padilla and Mr. Gonzalez and place the actions on the *pro se* docket for a further initial review.   It is

FURTHER ORDERED that the Clerk of the Court shall enter in each new, separate action this Order and ECF No. 10.   It is

FURTHER ORDERED that the Clerk of the Court serve this Order on Respondent Cynthia H. Coffman.   It is

FURTHER ORDERED that Respondent Coffman shall only respond to Applicant Fresquez's Application in this action and shall have an additional seven days from the date of this Order to do so if needed.

DATED at Denver, Colorado, this   12th   day of   April  , 2016.

BY THE COURT:

 s/Lewis T. Babcock  
LEWIS T. BABCOCK, Senior Judge  
United States District Court