IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-00583-GPG

LEROY DAMASIO FRESQUEZ,

    Applicant,

v.

JOHN HICKENLOOPER,
CYNTHIA H. COFFMAN,
MELISSA ROBERTS,
JAMES ROBINSON,
KARL KRAMER,
JOSEPH BRADY, and
DEAN GONZALES,

    Respondents.

## ORDER

The matter before the Court is "Applicant's Objection Motion and Move to Strike from the Record the Untimely Preliminary response Dated 4-20-2016," ECF No. 17. The Court must construe the Motion liberally because Applicant is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the Court will deny the Motion.

Because Applicant, in part, is challenging a nonfinal order, the Court will construe Applicant's request for reconsideration as filed pursuant to Fed. R. Civ. P. 60(b). *See Broadway v. Norris*, 193 F.3d 987 (8th Cir. 1999) (holding that a motion for "reconsideration" that is directed to a nonfinal order as opposed to a judgment, should be

construed as a Rule 60(b) motion).   Rule 60(b) allows a court to grant relief from an order for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud . . . , misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged . . . ; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

A Rule 60(b) motion to reconsider is appropriate where the court has misapprehended the facts, a party's position, or the controlling law.   *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).   Moreover, "[r]elief under Rule 60(b) is extraordinary and may only be granted in exceptional circumstances."   *Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co.*, 909 F.2d 1437, 1440 (10th Cir. 1990) (citing *Ackerman v. United States*, 340 U.S. 193, 199 (1950); *Griffin v. Swim-Tech. Corp.*, 722 F.2d 677, 680 (11th Cir. 1984)).   The decision to grant relief under Rule 60(b) is discretionary; and Applicant has the burden to show exceptional circumstances exist that require the Court to amend or vacate an order.   *Servants of Paraclete*, 204 F.3d at 1009 (emphasis added).

Nothing that Applicant asserts in the Motion demonstrates the relief he requests is merited.   The Court, therefore, will deny Applicant's objection to this Court's removal of two parties, Alfonso Padilla and Jonathan R. Gonzalez, from this case pursuant to Fed. R.

Civ. P. 21, and subsequent opening of separate actions on their behalf based on the Amended Application, ECF No. 10, filed in this action.

As for the timeliness of the Preliminary Response, nothing Applicant asserts in his Motion to Strike indicates he was prejudiced by the one day delay in the filing of the response. The Court further finds that the delay is no more than a possible misreading of the time frame for filing the response set forth in the April 12, 2016 Order, and was read by Respondent to provide him an additional seven days from the original due date. Accordingly, it is

ORDERED that Applicant's Objection Motion, ECF No. 17, filed on April 22, 2016, is denied. It is

FURTHER ORDERED that Applicant's Motion to Strike the April 20, 2016 Preliminary Response, ECF No. 17, is denied.

DATED at Denver, Colorado, this  28th  day of  April , 2016.

BY THE COURT:

  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court